NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA SAVAGE, individually and as successor in interest to Decedent Peter Birmingham, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ROBERT MONTANEZ; RYAN HUBBARD; STEVEN HUNGERFORD, <br><br> Defendants - Appellants, | No. 24-7562 <br><br> D.C. No. 5:24-cv-00097-KK-SP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Kenly Kiya Kato, District Judge, Presiding

Submitted March 10, 2026[**]
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and LIBURDI, District
Judge.[***]

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).
[***]       The Honorable Michael T. Liburdi, United States District Judge for
the District of Arizona, sitting by designation.

Corona Police Department Officers Robert Montanez, Ryan Hubbard, and Steven Hungerford (the "CPD Officers") appeal from the district court's denial of their motions to dismiss based on qualified immunity claims for excessive use of force brought under 42 U.S.C. § 1983. "We review de novo a denial of a motion to dismiss based on qualified immunity, accepting as true all well-pleaded allegations of material fact and construing them in the light most favorable to the non-moving party." *Hyde v. City of Willcox*, 23 F.4th 863, 869 (9th Cir. 2022). We affirm in part, reverse in part, and remand.[1]

1. We affirm the district court's denial of qualified immunity to Officer Montanez on the Appellees' excessive force claim. The operative facts, as alleged by the first amended complaint ("FAC"), are that the CPD Officers were dispatched to decedent Peter Birmingham's home for a "mental/psychological well-being" check. When the CPD Officers arrived, they found Mr. Birmingham "alone in his backyard" armed with a loaded handgun. He was showing signs of an "acute mental breakdown." The CPD Officers positioned themselves in a "safe

___

[1] The appeal is timely. The CPD Officers filed their notice of appeal on the same day that the district court entered the order denying their respective motions to dismiss, which was well within the deadline to do so. *See* Fed. R. App. P. 4(a)(1)(A) (establishing a 30-day deadline). The CPD Officers are not barred from appealing that order based on the district court's denial of an earlier motion to dismiss filed by the City of Corona because they were not named defendants at the time that motion was filed, and because there is "no jurisdictional bar to successive interlocutory appeals of orders denying successive pretrial motions on qualified immunity grounds." *Knox v. Sw. Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997).

location" in the side yard.  The CPD Officers then deployed a drone, which hovered over Mr. Birmingham.  Mr. Birmingham pointed his handgun at the drone and fired, but he never pointed the firearm at the CPD Officers or any other person. Officer Montanez then used lethal force against Mr. Birmingham by shooting him with a high-powered rifle.

Accepting as true these allegations and construing them in the light most favorable to the Appellees, each of the *Graham v. Connor* factors favors the Appellees.  *See* 490 U.S. 386, 396 (1989).  Therefore, the Appellees have sufficiently stated a constitutional violation for the use of deadly force against Mr. Birmingham, as he did not present "an immediate threat to their safety or to the safety of others simply because [he was] armed."  *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).  We have clearly established that such a use of force is a violation of the Fourth Amendment.  *See George v. Morris*, 736 F.3d 829, 839 (9th Cir. 2013); *see also Est. of Lopez v. Gelhaus*, 871 F.3d 998, 1008–10 (9th Cir. 2017).

2.   We reverse and remand the issue of Officer Hubbard's entitlement to qualified immunity.  Under our precedent, courts are required to complete an "individualized analysis" when confronted with a claim for qualified immunity and "must carefully examine the specific factual allegations against *each* individual defendant."  *Cunningham v. Gates*, 229 F.3d 1271, 1287–89 (9th Cir. 2000), *as*

*amended* (Oct. 31, 2000) (emphasis added). Here, the district court improperly lumped together the qualified immunity analysis of Officers Hubbard and Hungerford and did not analyze separately whether Officer Hubbard's order to fire the rubber bullet was a clearly established constitutional violation. *See Peck v. Montoya*, 51 F.4th 877, 890 (9th Cir. 2022) ("Liability may not be imposed based on a 'team effort' theory that would allow the jury to lump all the defendants together, rather than require it to base each individual's liability on his own conduct." (citation modified)).

3. We affirm the district court's denial of qualified immunity to Officer Hungerford on the Appellees' excessive force claim. Any argument on the first prong of the qualified immunity analysis has been forfeited since the CPD Officers presented no such argument. *See Stockton v. Brown*, 152 F.4th 1124, 1143 (9th Cir. 2025). As to the second prong, the district court determined that firing the rubber bullet at an incapacitated Mr. Birmingham may amount to a constitutional violation, which has been clearly established by our precedent. *See Zion v. County of Orange*, 874 F.3d 1072, 1076 (9th Cir. 2017).

4. The CPD Officers contend that we should consider issues of fact that are not otherwise alleged based on the recitation of the probable cause affidavit in the FAC or because they are otherwise judicially noticeable. First, the facts within the probable cause affidavit should not be considered as incorporated into the

Plaintiff's allegations because the FAC prefaces its recitation of the affidavit's text with the statement that it "contain[s] materially misleading statements of fact." *See Hyde*, 23 F.4th at 871 (courts "must construe the complaint in favor of the non-moving party"). Second, the facts proposed as judicially noticeable cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, the panel will disregard those arguments. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (courts "must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint"). However, that does not deprive us of jurisdiction over the legal issues presented by an interlocutory appeal of a denial of a motion to dismiss based on qualified immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**